IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| PRISON HEALTH SERVICES, INC. | : | |
| 105 Westpark Drive | : | |
| Suite 200 | : | |
| Brentwood, Tennessee 37027 | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EMRE UMAR | : | |
| 818 Hidden Forrest Drive | : | |
| Collegeville, PA 19426 | : | |
| | : | |
| AND | : | |
| | : | |
| CORRECTIONAL MEDICAL CARE, INC. | : | No. 02-2642 |
| 818 Hidden Forrest Drive | : | |
| Collegeville, PA 19426 | : | |
| | : | |
| Defendants. | : | |

---

**ORDER GRANTING PLAINTIFF'S MOTION
 FOR TEMPORARY RESTRAINING ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of plaintiff

Prison Health Services, Inc.'s  Motion for Temporary Restraining Order, Memorandum

of Law in Support of Plaintiff's Motion and verification of counsel for plaintiff, the Court

finds that plaintiff will suffer immediate and irreparable injury for which there is no

adequate remedy at law if the temporary restraining motion is not granted.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that until further

Order of this Court:

(a)     Defendant Correctional Medical Care, Inc., shall withdraw its proposal to Montgomery County Correctional Facility to provide inmate healthcare services commencing on or about May 30, 2002, and shall notify the Montgomery County Correctional Facility that it can no longer provide any such services;

(b)     Defendants Emre Umar and Correctional Medical Care, Inc., and anyone or any entity acting in concert or participation with them, are prohibited and enjoined from providing, soliciting or otherwise aiding or assisting in connection with the provision of prison healthcare services to Montgomery County Correctional Facility;

(c)     Defendants Emre Umar and Correctional Medical Care, Inc. are prohibited and enjoined from commencing any work for the Montgomery County Correctional Facility pursuant to Correctional Medical Care's proposal to provide prison health services to the facility beginning May 30, 2002;

(d)     Defendant Emre Umar is prohibited and enjoined from providing, soliciting or otherwise aiding or assisting in connection with the provision of healthcare services to inmates of correctional facilities that are currently customers or clients of Prison Health Services, or its affiliates or successors, with the exception of the Excluded Contracts identified in the Asset Purchase Agreement attached as Exhibit A to the Complaint;

2

(e)     Defendant Emre Umar is prohibited and enjoined from otherwise competing against Prison Health Services by providing healthcare services to correctional facilities;

(f)     Defendants Emre Umar and Correctional Medical Care, Inc. are prohibited and enjoined from disclosing, publishing or making use of any confidential information or trade secrets of Prison Health Services or Correctional Physician Services, Inc.;

(g)     Defendants Emre Umar and Correctional Medical Care, Inc. are prohibited and enjoined from trading on the goodwill, name, reputation or experience of Prison Health Services or Correctional Physician Services;

(h)     Defendant Correctional Medical Care is enjoined from further aiding, employing, assisting or otherwise acting in connection with Emre Umar in any of the above enjoined activities, including engaging in any of the enjoined competitive activities for so long as Emre Umar, directly or indirectly, controls, manages, works for, consults, or holds an ownership interest in Correctional Medical Care or any affiliate thereof;

(i)     Plaintiff shall post a bond in the amount of $_____; and

(j)     A hearing on plaintiff's Motion for Preliminary Injunction shall take

place in accordance with the following schedule:


(as Ordered by the Court)


_____
J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| PRISON HEALTH SERVICES, INC.<br>105 Westpark Drive<br>Suite 200<br>Brentwood, Tennessee 37027 | : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| EMRE UMAR<br>818 Hidden Forrest Drive<br>Collegeville, PA 19426 | : <br> : <br> : <br> : | |
| AND | : <br> : | |
| CORRECTIONAL MEDICAL CARE, INC.<br>818 Hidden Forrest Drive<br>Collegeville, PA 19426 | : <br> : <br> : | No. 02-2642 |
| Defendants. | : <br> : <br> : | |

---

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Prison Health Services, Inc., hereby moves for the issuance of a temporary restraining order to preserve the status quo until the Court rules, following a process determined by the Court, on plaintiff's application for a preliminary injunction, which was filed on May 2, 2002.  In support thereof, plaintiff avers as follows:

**A.     Defendants' Attempts to Evade Service Justify the Entry
of a Temporary Restraining Order Without Further Notice**

1.     Counsel for plaintiff has served these Temporary Restraining Order papers by hand delivery on Sunday evening, May 5, 2002 to the offices of John R. O'Rourke, Jr. and Rick Troncelliti, Esquire at their law firm, McTighe, Weiss, O'Rourke,

Troncelliti & Morgan, PC, 11 East Airy Street, P.O. Box 510, Norristown, PA  19404 and

to defendants Umar and Correctional Medical Care, Inc., at their respective home and

business address, 818 Hidden Forrest Drive, Collegeville, PA  19426.

2.     Plaintiff has, since the afternoon of Thursday, May 2, 2002, through an

independent process servicing company, attempted to make service of its complaint on

both the individual and corporate defendant in this action at their respective home

address and place of business, which is one and the same.  Through the end of the day

Saturday, May 4, 2002, plaintiff's efforts have been unsuccessful.

3.     Late Thursday afternoon, May 2, 2002, by hand delivery, plaintiff delivered

copies of the Complaint and a complete set of the Motion for Preliminary Injunction and

related papers on John R. O'Rourke, Jr., Esquire and Rick Troncelliti, Esquire at

McTighe, Weiss, O'Rourke, Troncelliti & Morgan, PC, 11 East Airy Street, P.O. Box 510,

Norristown, PA  19404.  These were delivered by messenger at 5:30 p.m. and signed

for by a secretary of the firm.  Prior to that, plaintiff's counsel had been advised that the

above-referenced law firm and individuals represented defendant Umar and had been in

contact with Mr. Troncelliti.  (Mr. Troncelliti represented defendant Umar and his

predecessor corporation, Correctional Physician Services, in the sale of the majority of

its business assets to plaintiff, as more fully detailed in the Complaint and Motion for

Preliminary Injunction.)

4.     Also on Thursday afternoon, plaintiff sent a complete set of the Complaint

and a complete set of the Motion papers to Barry M. Miller, Esquire, counsel for the

Board of the Montgomery County Correctional Facility by UPS for next day delivery.  It

was delivered at 9:10 a.m. on May 3, 2002.

2

5.      Also on Thursday afternoon, plaintiff sent a complete set of the Complaint and a complete set of the Motion papers to Emre Umar and Correctional Medical Care, Inc. at 818 Hidden Forrest Drive, Collegeville, PA  19426 by hand delivery.

6.      On Friday, counsel for plaintiff, Michael Homans, advised Mr. Miller that it intended to pursue injunctive relief and would keep him informed as to the proceedings.

7.      Also on Friday, counsel for plaintiff, Carol Mager, spoke with Mr. O'Rourke who advised that he and his firm would be representing either the corporate defendant or the individual defendant and that he would provide more detailed information as he progressed in his discussions with the defendants.  Mid-afternoon on Friday, Ms. Mager attempted to again reach Mr. O'Rourke to ascertain the status of his representation and to inform him that Your Honor's clerk had made inquiries concerning the service issues and to discuss that with him.  He was in his office but unavailable and Ms. Mager asked that he call her as soon as possible.  As of the preparation of these papers, Mr. O'Rourke has not returned the call.

8.      Although plaintiff's attempts to serve defendants have been without success, plaintiff believes this is wholly as a result of defendants' efforts to evade service.  Most importantly, counsel for defendant(s) received copies of the Complaint and Motion papers on Thursday afternoon, May 2, 2002 and have had adequate opportunity to review them and consult with their client(s).  The defendants also received hand delivery to their respective addresses of the Motion for Preliminary Injunction on Thursday evening, May 2, 2002.  Counsel for plaintiff has served these Temporary Restraining Order papers by hand delivery on Sunday evening, May 5, 2002 to the offices of John R. O'Rourke, Jr. and Rick Troncelliti, Esquire at their law firm,

3

McTighe, Weiss, O'Rourke, Troncelliti & Morgan, PC, 11 East Airy Street, P.O. Box 510, Norristown, PA  19404 and to defendants Umar and Correctional Medical Care, Inc., at their respective home and business address, 818 Hidden Forrest Drive, Collegeville, PA 19426.

### B.    A Temporary Restraining Order Will Serve the Interests of Justice and Will Not Harm the Delivery of Medical Services at the Montgomery County Correctional Facility

9.      As set forth in the Complaint and Motion for Preliminary Injunction, on Thursday, May 9, 2002, Montgomery County Correctional Facility is scheduled to approve the awarding of the prison health services contract to defendant Correctional Medical Care, Inc. rather than to plaintiff, the only other qualified bidder.  The contract is scheduled to take effect May 30, 2002.

10.      Immediate and irreparable injury to plaintiff's business will occur if defendants Correctional Medical Care, Inc. and Emre Umar are permitted to proceed on May 9, 2002 to finalize a contract with the Montgomery County Correctional Facility.

11.      In the event that the Board of Prison Inspectors of the Montgomery County Correctional Facility determines to rebid the contract for professional medical and/or mental health care services for the Montgomery County Correctional Facility (either as a result of an Order entered by this Court, or otherwise, which prohibits or disqualifies defendants from contracting to provide services to the Montgomery County Correctional Facility), Prison Health Services, Inc. is prepared to continue to fully perform under the terms and conditions of the Contract through August 31, 2002 or such earlier date as will permit the Board of Prison Inspectors of the Montgomery County Correctional Facility to rebid the contract.

4

In support of the instant Motion for Temporary Restraining Order, plaintiff relies on its Memorandum of Law in Support of this Motion and attached verification as well as its Motion for Preliminary Injunction, Memorandum of Law  and attached exhibits and verifications.

The foregoing circumstances justify the grant, pursuant to Federal Rule of Civil Procedure 65, of the Temporary Restraining Order against both defendants without providing additional notice to defendants.

Plaintiff requests that this Court issue a Temporary Restraining Order for a period of time, not to exceed ten (10) days:

(a)     ordering defendant Correctional Medical Care, Inc. to withdraw its proposal to Montgomery County Correctional Facility to provide inmate healthcare services commencing on or about May 30, 2002, and to notify the Montgomery County Correctional Facility that it can no longer provide any such services;

(b)     prohibiting and enjoining defendants Emre Umar and Correctional Medical Care, Inc., and anyone or any entity acting in concert or participation with them, from providing, soliciting or otherwise aiding or assisting in connection with the provision of prison healthcare services to Montgomery County Correctional Facility;

5

(c)    prohibiting and enjoining defendants Emre Umar and Correctional

Medical Care, Inc. from commencing any work for the Montgomery

County Correctional Facility pursuant to Correctional Medical

Care's proposal to provide prison health services to the facility

beginning May 30, 2002;

(d)    prohibiting and enjoining defendant Emre Umar from providing,

soliciting or otherwise aiding or assisting in connection with the

provision of healthcare services to inmates of correctional facilities

that are currently customers or clients of Prison Health Services, or

its affiliates or successors, with the exception of the Excluded

Contracts identified in the Asset Purchase Agreement attached as

Exhibit A to the Complaint;

(e)    prohibiting and enjoining defendant Emre Umar from otherwise

competing against Prison Health Services by providing healthcare

services to correctional facilities;

(f)    prohibiting and enjoining defendants Emre Umar and Correctional

Medical Care, Inc. from disclosing, publishing or making use of any

confidential information or trade secrets of Prison Health Services

or Correctional Physician Services, Inc. until further Order of this

Court;

(g)    prohibiting and enjoining defendants Emre Umar and Correctional

Medical Care, Inc. from trading on the goodwill, name, reputation or

6

experience of Prison Health Services or Correctional Physician Services; and

(h)     enjoining defendant Correctional Medical Care from further aiding, employing, assisting or otherwise acting in connection with Emre Umar in any of the above enjoined activities, including engaging in any of the enjoined competitive activities for so long as Emre Umar, directly or indirectly, controls, manages, works for, consults, or holds an ownership interest in Correctional Medical Care or any affiliate thereof.

Plaintiff is prepared to post a bond in an amount determined by the Court in accordance with applicable law.


Dated:  May 5, 2002                        _____
                                           Carol A. Mager (I.D. #17548)
                                           Michael D. Homans  (I.D. #76624)
                                           Lee Albert  (I.D. # 46852)
                                           MAGER WHITE & GOLDSTEIN, LLP
                                           One Liberty Place
                                           1650 Market Street, 44th Floor
                                           Philadelphia, PA 19103
                                           (215) 569-6924

                                           Attorneys for Plaintiff

Dated: May 5, 2002

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------

PRISON HEALTH SERVICES, INC.            :
105 Westpark Drive                       :
Suite 200                                :
Brentwood, Tennessee 37027               :
                                         :
            Plaintiff,                   :        CIVIL ACTION
                                         :
        v.                               :
                                         :
EMRE UMAR                                :
818 Hidden Forrest Drive                 :
Collegeville, PA 19426                   :
                                         :
        AND                              :
                                         :
CORRECTIONAL MEDICAL CARE, INC.          :        No. 02-2642
818 Hidden Forrest Drive                 :
Collegeville, PA 19426                   :
                                         :
            Defendants.                  :
---------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

Plaintiff, for its Memorandum of Law in Support of its Motion for

Temporary Restraining Order, relies on the Motion for Preliminary Injunction,

Memorandum of Law and exhibits and verifications attached thereto.

**A.      Defendants' Attempts to Evade Service of Process Should**
**<u>        Not Delay the Entry of a Temporary Restraining Order        </u>**

Plaintiff relies on the verification of counsel attesting to the efforts to serve

defendants and communicate with their counsel.  Although defendants have not been

formally served, on May 2, 2002 they received at their home and place of business

copies of the Motion for Preliminary Injunction and related papers.  Counsel for at least

one of the defendants received by hand delivery on May 2, 2002 the Complaint, Motion

for Preliminary Injunction and related papers.  Finally, the Motion for a Temporary

Restraining Order and related papers were hand delivered on Sunday evening to

defendant(s)' counsel and defendants by leaving the papers at their respective

addresses.

   **B.    A Temporary Restraining Order Against Correctional
           Medical Care, Inc. in Addition to Emre Umar Is Also
           Justified Under the Present Facts**

   In Jacobson & Company v. International Environment Corp., 235 A.2d

612, 427 Pa.439 (1967), the Pennsylvania Supreme Court enforced a covenant not to

compete in the context of an employment agreement, a more rigorous standard.  The

plaintiff, in Jacobson not only sought enforcement of the covenant as to the former

employee but also brought a claim against the former employee's new employer for

inducing the breach.  The court affirmed the finding against the new employer as well.

Of note, was the fact that the new employer offered employment to the individual

defendant with knowledge that he had signed restrictive covenant agreements and that

he would then be acting inconsistently with the covenants contained which had been

previously entered into between defendant and his former employer.  Jacobson at 235

A.2d at 621.  "One who intentionally interferes with an existing contractual relationship is

subject to liability for the breach of the contract."  Id.

   The evidence is that Umar assisted in the formation of Correctional

Medical Care, Inc., a company now active in the same business as plaintiff, which

provides healthcare services to correctional facilities.  Correctional Medical Care, Inc.

cannot possibly claim a lack of knowledge of Umar's covenant not to compete when Umar is the President and Chief Executive Officer of Correctional Medical Care, Inc.

The covenant agreed to by Umar is both reasonable in time and necessary to protect plaintiff's interest in its purchase of assets from Correctional Physician Services, Inc.  In <u>Westec Security Services, Inc. v. Westinghouse Electric Corporation</u>, 538 F.Supp.108 (E.D.Pa 1982), the court took note of the fact that the plaintiff (purchaser of defendant's business) was undertaking to exploit the chief assets of the business sold.  "Were defendant...to resume marketing home security services to the public, such activities would plainly compete with plaintiffs undertaking."  <u>Id.</u> at 123. In concluding that a ten-year restriction was reasonable protection for plaintiff the court in <u>Westec</u> considered what would constitute a reasonable period within which plaintiff may establish its following.  With the sale of the Correctional Physician Services, Inc.'s assets, the plaintiff, Prison Health Services, Inc., was likewise undertaking to exploit the chief assets of the business sold to it.  Umar's resumption of competitive activities, through Correctional Medical Care, Inc., plainly competes with plaintiff, Prison Health Services, Inc., which interests must be protected with the enforcement of the covenant against Correctional Medical Care, Inc. in addition to Emre Umar.

**C.    Prison Health Services, Inc. Is Prepared to Honor Its Present Contract With the Board of Prison Inspectors of the Montgomery County Correctional Facility For Up To an Additional 90 Days**

In the event that the Board of Prison Inspectors of the Montgomery County Correctional Facility determines to rebid the contract for professional medical and/or mental health care services for the Montgomery County Correctional Facility (either as a

3

result of an Order entered by this Court, or otherwise, which prohibits or disqualifies

defendants from contracting to provide services to the Montgomery County Correctional

Facility), Prison Health Services, Inc. is prepared to continue to fully perform under the

terms and conditions of the Contract through August 31, 2002 or such earlier date as

will permit the Board of Prison Inspectors of the Montgomery County Correctional

Facility to rebid the contract.

Respectfully submitted,

_____
Carol A. Mager (I.D. #17548)
Michael D. Homans  (I.D. #76624)
Lee Albert  (I.D. # 46852)
MAGER WHITE & GOLDSTEIN, LLP
One Liberty Place
1650 Market Street, 44th Floor
Philadelphia, PA 19103
(215) 569-6924

Attorneys for Plaintiff

Dated: May 5, 2002

4

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____
PRISON HEALTH SERVICES, INC.       :
105 Westpark Drive                        :
Suite 200                                :
Brentwood, Tennessee 37027       :
                                    :
           Plaintiff,          :     CIVIL ACTION
                                    :
           v.                 :
                                    :
EMRE UMAR                         :
818 Hidden Forrest Drive         :
Collegeville, PA 19426           :
                                    :
          AND                   :
                                    :
CORRECTIONAL MEDICAL CARE, INC.  :     No. 02-2642
818 Hidden Forrest Drive         :
Collegeville, PA 19426           :
                                    :
                Defendants.     :
_____ :

## <u>VERIFICATION OF CAROL A. MAGER</u>

      Carol A. Mager declares, pursuant to 28 U.S.C. §1746, as follows:

      1.     I am counsel to the plaintiffs in the above-captioned action, and I am fully familiar with the facts and proceedings in the action.

      2.     I submit this verification in support of plaintiff's motion for temporary restraining order.

      3.     From Thursday afternoon, May 2, 2002, through Saturday, May 4, 2002, plaintiff has attempted to serve Emre Umar and Correctional Medical Care, Inc. at their respective home and business address, 818 Hidden Forrest Drive, Collegeville, PA 19426.  In this regard, plaintiff has utilized the services of Dennis Richman's Services,

an experienced process servicing agency which plaintiff's counsel has used successfully in numerous situations over the past years.

4.      On Thursday afternoon, by messengered hand delivery, defendants were delivered a complete set of the Complaint, Motion for Preliminary Injunction and related papers to their respective home and business addresses.

5.      On Friday morning, May 3, 2002, I spoke with John O'Rourke, Esquire of McTighe, Weiss, O'Rourke, Troncelliti & Morgan, PC,  who advised me that he would be representing either the individual or the corporate defendant in this matter and we agreed to speak again later in the day.  He subsequently confirmed that he had received the Complaint and Motion for Preliminary Injunction and related papers on Thursday, approximately at the close of business.  Plaintiff's counsel received from the messenger service delivering the documents to John O'Rourke and Rick Troncelliti confirmation that they were delivered at 5:30 p.m. on Thursday, May 2, 2002 and signed for by a secretary of the firm.

6.      On Thursday afternoon, by UPS overnight mail, plaintiff's counsel delivered a complete set of the Complaint, Motion for Preliminary Injunction and related papers to counsel for Montgomery County Correctional Facility, Barry M. Miller, Esquire, 54 East Penn Street, Norristown, PA  19401.

7.      On Sunday evening, May 5, 2002, plaintiff's Motion for Temporary Restraining Order, Memorandum in support and this verification were hand delivered to the following individuals at the addresses set forth:

John R. O'Rourke, Esquire
McTighe, Weiss, O'Rourke, Troncelliti & Morgan, PC
11 East Airy Street
Norristown, PA  19401

Emre Umar
818 Hidden Forrest Drive
Collegeville, PA  19426

Correctional Medical Care, Inc.
818 Hidden Forrest Drive
Collegeville, PA  19426

Barry M. Miller, Esquire
54 East Penn Street
Norristown, PA  19401

8.      My client, Prison Health Services, Inc. has authorized me to make the

following representation to the Court with respect to the contract presently in place

between it and the Montgomery County Correctional Facility ("the Contract") which will

terminate on May 30, 2002:  In the event that the Board of Prison Inspectors of the

Montgomery County Correctional Facility determines to rebid the contract for

professional medical and/or mental health care services for the Montgomery County

Correctional Facility (either as a result of an Order entered by this Court, or otherwise,

which prohibits or disqualifies defendants from contracting to provide services to the

Montgomery County Correctional Facility), Prison Health Services, Inc. is prepared to

continue to fully perform under the terms and conditions of the Contract through August

31, 2002 or such earlier date as will permit the Board of Prison Inspectors of the

Montgomery County Correctional Facility to rebid the contract.

I swear under penalty of perjury that the foregoing is true and correct.

Executed:    Philadelphia, Pennsylvania

May 5, 2002                    _____

Carol A. Mager

3

## CERTIFICATE OF SERVICE

I, Carol A. Mager, hereby certify that on this day I caused a true and correct copy of the foregoing Motion for Temporary Restraining Order to be served upon the following, by hand delivery to their respective offices:

> Rick Troncelliti, Esquire
> John R. O'Rourke, Jr., Esquire
> McTighe, Weiss, O'Rourke, Troncelliti & Morgan, PC
> 11 East Airy Street
> Norristown, PA 19401
> Attorney for Defendants

and

> Emre Umar
> 818 Hidden Forrest Drive
> Collegeville, PA  19426

and

> Correctional Medical Care, Inc.
> 818 Hidden Forrest Drive
> Collegeville, PA  19426

AND ADDITIONAL SERVICE ON:

> Barry M. Miller, Esquire
> 54 East Penn Street
> Norristown, PA  19401
> Attorney for Montgomery County Correctional Facility

Dated:  Sunday, May 5, 2002                    _____

                                                                        Carol A. Mager