IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRISON HEALTH SERVICES, INC. | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| EMRE UMAR | : | |
| AND | : | |
| CORRECTIONAL MEDICAL CARE, INC. | : | No. 02-2642 |
| Defendants. | : | |

**SUPPLEMENTAL MEMORANDUM OF PLAINTIFF
PRISON HEALTH SERVICES, INC. IN SUPPORT
OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant CMC's supplemental brief, submitted yesterday, May 28, 2002, contains several distortions and incomplete citations that require correction.

First, Plaintiff Prison Health Services, Inc., stands by the primary arguments in its trial brief and closing argument that the public interest is best served by enforcement of private contracts, including restrictive covenants entered into ancillary to the sale of a business, as is the case here. This public interest has been well-established in cases previously cited by plaintiff and this Court.[1] There is no precedent in Pennsylvania that allows for an exception when a county contract is at issue.

---

[1] *See, e.g.*, Athlete's Foot Marketing v. Zell Investment, 2000 WL 426186, *13 (W.D.Pa. 2000), enforcing a noncompetition agreement and finding that the public interest would be best served by enjoining defendant's unlawful competition: "While competition obviously benefits the public, protecting the interests in goodwill . . . as embodied in noncompetition clauses outweighs this interest."

Moreover, neither the interests of Montgomery County nor the general public would be served by allowing the county to benefit from the breach of defendant Emre Umar's binding contractual commitment – a commitment that neither Umar nor any other party could breach absent the argued exception for low-bidders on public contracts.  Contrary to defendants' suggestions, plaintiff PHS does not in any way seek to squelch or eliminate competitive bidding – it welcomes fair competition from the other 40-plus contractors in this field, and welcomes re-bidding of this contract, if the County so desires.   Rather, plaintiff asks only that the bargain agreed to by the parties here – $14 million in exchange for the sale of a business, its goodwill and a five-year commitment not to compete – be honored, with no newly created loopholes for a breaching party that happens to be a "low bidder" on a public contract.

Second, defendant relies on an Illinois case, Service Systems Corporation v. Van Bortel, 174 Ill. App. 3rd 412, 528 N. E. 2d 378 (1988), to argue that the public has an interest in not enforcing restrictive covenants.  Service Systems did not involve the issue of public interest, but rather related to a collateral estoppel claim resulting from a holding in McTaggart v. Service Systems, 785 F.2d 312 (7th Cir. 1986), involving the same party, Service Systems.  The McTaggart case was an unreported opinion (having limited precedential authority outside that case) and was cited by the appellate court for its collateral estoppel effect as to Service Systems – not as an independent affirmation of that opinion.  Moreover, any precedent set in McTaggart or Service Systems was severely narrowed in Preferred Meal Systems  v. Guse, 199 Ill. App. 3rd 710, 557 N. E. 2d 506 (1990), in which the Illinois Appellate Court discussed the holdings of  Service Systems and  McTaggart. **The Preferred Meal Systems court noted that the**

**elements comprising a protectable interest are no different in the public sector than they are in the private business world; nor is there any plausible reason as to why they should be.** Preferred Meal Systems v. Guse, 557 N. E. 2d at 513.  The court determined that the defendant's contacts with public contracts were as susceptible to the enforcement of the restrictive covenants as were the private contracts.  The appellate court reversed the lower court in its order enforcing a covenant not to compete except for the customers who contract pursuant to public bid.  The court found that the lower court's ruling, with respect to the protectable interest in plaintiff's public sector customers, was in error. Id. at 511. The appellate court determined, pursuant to the evidence, that plaintiff did have a protectable interest in those contracts obtained through competitive bidding.

   Third, defendant CMC also misstates the law in its citation to 16 P.S. § 5001(a) regarding competitive bidding and counties of the second class.  Defendant suggests this law requires that all county contracts – including the one for healthcare services at issue here – be awarded to the lowest qualified bidder.  This is false.  Specifically, 16 P.S. § 5001(d)(5) expressly excludes contracts for personal and professional services from Section 5001(a)'s requirements for competitive bidding.  Defendant also ignores the testimony of plaintiff's witnesses, defense witness Kevin Duffy and Montgomery County Correctional Facility ("MCCF") Assistant Warden Dennis Molyneaux that factors other than cost are often "important" and can be decisive in such awards.  Defendant CMC defeated its own claim that defendant Umar's reputation and goodwill from Correctional Physician Services had no role in this case by including Mr. Umar's name, experience and references in its bids and qualification materials for both MCCF and

Ulster County, N.Y.  In other words, defendants cannot deny the fact that they relied on Mr. Umar's goodwill, references and experience both to qualify (*i.e.,* become a "responsible" bidder) and to compete for these bids.

Fourth and finally, the holdings in <u>Laidlaw, Inc. v. Student Transportation of America, Inc.</u>, 20 F. Supp. 2d 727, 755 (D.N.J. 1998), and the other cases cited by defendants, are all based upon the specific factual circumstances presented in those cases – most of which are employment, not sale of business cases.  For example, in <u>Laidlaw</u>, defendant apparently established without contest that the only factor in awarding the bid was lowest price.  In contrast, in the instant case neither the law nor the facts required such an award.  Witnesses for plaintiff and defense established that in the correctional healthcare industry, personal relationships, experience, reputation, and past service are all "important" to the decision as to who is awarded a public contract – and the low bidder often does not win.

Respectfully submitted,

_____
Michael D. Homans (I.D. #76624)
Lee Albert (I.D. # 46852)
MAGER WHITE & GOLDSTEIN, LLP
One Liberty Place
1650 Market Street, 44th Floor
Philadelphia, PA 19103
(215)569-6924

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing trial brief to be served upon the following by electronic mail on May 29, 2002, and by facsimile on May 30, 2002:

> Larry H. Spector, Esquire
> Michael D. LiPuma, Esquire
> **Mann, Ungar, Spector & Labovitz, PC**
> 1709 Spruce Street
> Philadelphia, PA 19103-6103
>
> Francis X. Clark, Esquire
> **Francis X. Clark, P.C.**
> 987 Old Eagle School Road
> The Woods, Suite 705
> Wayne, PA 19087

Dated: May 30, 2002

_____
Michael D. Homans