IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRISON HEALTH SERVICES, INC. : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| EMRE UMAR : | |
| : | |
| AND : | |
| : | |
| CORRECTIONAL MEDICAL CARE, INC. : | No. 02-2642 |
| : | |
| Defendants. : | |

**MEMORANDUM OF PLAINTIFF PRISON HEALTH SERVICES, INC. IN RESPONSE TO DEFENDANT'S MOTION TO REQUIRE POSTING OF A BOND**

On May 8, 2002, this Court issued a temporary restraining order ("TRO") precluding defendant Correctional Medical Care, Inc. ("CMC"), from, *inter alia*, "entering into any contract, agreement or negotiations" with the Montgomery County Correctional Facility. On May 23, 2002, at the conclusion of the two-day preliminary injunction hearing, including testimony from nine witnesses and hundreds of pages of documentary evidence, the Court extended the TRO until its preliminary injunction decision is issued.[1] Defendant CMC presented no evidence as to potential lost profits

---

[1] Per the Court's instructions, plaintiff addresses here only the issue of the proper amount of the bond. However, plaintiff also disputes defendant CMC's motion to invalidate the TRO, including its claim that the Court's decision to continue the TRO, after the preliminary injunction hearing, was somehow improper. Plaintiff learned on June 26, 2002, that defendant CMC, continuing its disregard of legal obligations, is not only arguing that the TRO should be invalidated, it is already proceeding as if the TRO lacked force. CMC is improperly communicating to plaintiff's staff at the Montgomery County Correctional Facility ("MCCF") by direct mail that CMC expects to have the "court's permission" to bid on the MCCF contract by July 8, 2002, and "it is our expectation that we will be the successful bidder." (See Letter from Kevin Duffy to

or damages at that hearing, but now requests an order that bond be posted in the exorbitant sum of $1 million. The amount requested by defendant is excessive, and plaintiff respectfully requests that plaintiff, in light of its financial stability and strength, be required to not post a bond or post only a nominal bond.

Federal Rule of Civil Procedure 65(c) grants district courts wide discretion in setting the amount of a security bond. Walzak v. EPL Prolong, Inc, 198 F.3d 725 (9th Cir. 1999); Alexander v. Primerica Holdings, Inc., 811 F. Supp. 1025, 1038 (D.N.J. 1993) ("The amount of a bond is within the discretion of the court."). In Walzak both parties put forth evidence regarding the financial ramifications of the issuance of the preliminary injunction. Despite the fact that defendant asserted that a Preliminary Injunction would cause economic harm in the amount of $2 million, the Circuit court held that the district court did not abuse its discretion in ordering bond in the greatly reduced amount of $100,000. Id. at 733,734. In Vector Security Inc. v. Stewart, 88 F.Supp. 2d 395 (E.D.Pa.2000), cited by plaintiff in its Motion for Preliminary Injunction, the district court enforced a non-competition agreement ancillary to a dealer arrangement between the parties. The court ordered a bond in the amount of $10,000. Id. at 402.

In issuing an order for the posting of a bond, the court is not required to accept at face value, the potential damage calculation submitted by a defendant. Flag Fables Inc. v Jean's Ann Country Flags and Crafts, 730 F.Supp.1165, 1177 (D.Mass.1989)

---

MCCF Healthcare Staff, a true and correct copy of which is attached as Exhibit A). This letter also misstates the status of plaintiff's negotiations with MCCF, and reflects defendant CMC's ongoing efforts, despite this suit and the Court's Order, to interfere with plaintiff's relationships with its employees and with MCCF.

(entering bond in amount much less than lost profits indicated by defendant's evidence).  Similarly, in <u>Miller v. LeSea Broadcasting, Inc.</u>, 896 F.Supp.889 (E.D.Wis.1995), the court rejected defendant's request for a $750,000 bond, which defendant asserted was its estimate of its losses it would sustain and instead ordered bond in the amount of $100,000, holding that the court may exercise its discretion in determining the amount of the bond to be posted. <u>Id.</u> at 895.

In determining the amount of security required, if any, courts consider the financial assets and stability of the party seeking injunctive relief, because such stability mitigates the need for a bond to guarantee payment of potential costs and damages that could be incurred if a party is wrongfully restrained.  A court may even waive security when the party seeking injunctive relief has "considerable assets" and thus would be able to pay damages to a part later found to be wrongfully enjoined or restrained.  *See* <u>Continental Oil Co. v. Frontier Ref. Co.</u>, 338 F.2d 780, 782-83 (10th Cir. 1964) (no bond required where defendant had "considerable assets" to pay any potential costs or damages, and absence of showing likelihood of possible harm); <u>Anderson Foreign Motors, Inc. v. New England Toyota Distributor, Inc.</u>, 475 F. Supp. 973, 990 (D. Mass. 1979) (considering assets of plaintiffs in determining whether bond should issue).

Each of the above cases demonstrates that the Court has wide discretion to set the amount of the bond, if any, and is not required to accept defendant's calculations of its potential losses. In fact, defendant CMC has provided no evidence as to why the exorbitant sum of $1 million is appropriate here.  Like the plaintiff in <u>Continental Oil</u>, Prison Health Services is a financially healthy, publicly-traded,  25-year-old, company

with "considerable assets" ($158 million) and annual revenues. (See Quarterly Report for quarter ending March 31, 2002 (excerpts), attached as Exhibit B).  Defendant CMC faces little, if any, risk of being unable to recover from plaintiff in the unlikely event they are wrongfully harmed by the Court's restraining order.  Therefore, plaintiff should not be required to post the excessive bond requested, or any substantial bond at all, because it has sufficient assets to cover any potential losses.

                                        Respectfully submitted,

                                        _____

                                        Michael D. Homans (I.D. #76624)
                                        Lee Albert (I.D. # 46852)
                                        MAGER WHITE & GOLDSTEIN, LLP
                                        One Liberty Place, 21st Floor
                                        1650 Market Street
                                        Philadelphia, PA  19103
                                        (215) 569-6924

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum of Plaintiff Prison Health Services, Inc. in Response to Defendant's Motion to Require Posting of a Bond to be served on or before noon today upon the following by electronic mail and

<u>By Hand Delivery</u>
Larry H. Spector, Esquire
Michael D. LiPuma, Esquire
**Wolf, Block, Schorr and Solis-Cohen, LLP**
1650 Arch Street
Philadelphia, PA 19103-2097

<u>By Facsimile</u>
Francis X. Clark, Esquire
**Francis X. Clark, P.C.**
987 Old Eagle School Road
The Woods, Suite 705
Wayne, PA 19087

Dated:  June 27, 2002                                    _____
                                                                              Michael D. Homans