IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRISON HEALTH SERVICES, INC. | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 02-CV-2642 |
| EMRE UMAR | : |
| and | : |
| CORRECTIONAL MEDICAL CARE, INC. | : |
| Defendants. | : |

**REPLY MEMORANDUM OF DEFENDANT
CORRECTIONAL MEDICAL CARE, INC.
IN SUPPORT OF MOTION TO VACATE TEMPORARY
RESTRAINING ORDER OR FOR POSTING OF A BOND**

In its Memorandum responding to CMC's motion, Prison Health Services represents that it "is a financially healthy" company with considerable assets and annual revenues, attaching excerpts of its quarterly report in support of the statement. The statement, however, is false. Assets and revenues do not made a financially healthy company.

We respectfully refer the court to Exhibit 9 within Defendants' Exhibits For Preliminary Injunction Hearing, the annual report for the year ending December 31, 2001 for America Service Group, Inc., the holding company for PHS. In the Liquidity and Capital Resources section beginning on page 13 it is shown that for that year "the Company incurred a net loss attributable to common shares of $45.0 million", compared to net income of $7.2 million and $2.3 million in each of the two prior years; that the Company had a stockholders deficit of $3.6 million as of December 31, 2001; that the Company as of March 15, 2002 is subject to a work out arrangement with its lenders; that as of December 31, 2001, the Company was not in

compliance with certain financial covenant requirements; that the Company's lenders have established minimum monthly earning requirements for the Company; and that overall the company is in a serious cash flow predicament which may threaten its overall viability.

It is therefore critical that PHS post a bond to secure CMC in the event that PHS's actions for injunctive relief erroneously result in CMC being denied the MCCF contract. The amount of that contract is approximately $3 million per year over the next three years (see Defendants Exhibits, Tab 15 at p. 50). A $1 million bond is a proper security to protect CMC's lost profit over the life of that contract.

                                            **Respectfully,**

                                            **WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP**

**DATED: June 27, 2002**              **BY:** _____
                                            LARRY H. SPECTOR
                                            1650 Arch Street
                                            **Philadelphia, PA 1910-2097**
                                            **215-977-2000**
                                            **COUNSEL FOR DEFENDANT**
                                            **CORRECTIONAL MEDICAL CARE, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON June 27, 2002, a copy of the foregoing document, is being served by hand delivery and fax on Michael Homans, Esq., Mager, White & Goldstein, One Liberty Place, 21st Floor, Philadelphia, PA 19103, and by fax and regular mail upon Francis Clark, Esquire, 987 Old Eagle School Road, Suite 705, Wayne, PA 19087.

_____
Larry H. Spector