IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRISON HEALTH SERVICES, INC.<br>105 Westpark Drive<br>Suite 200<br>Brentwood, Tennessee 37027<br><br>        Plaintiff,<br><br>    v.<br><br>EMRE UMAR<br>818 Hidden Forrest Drive<br>Collegeville, PA 19426<br><br>    AND<br><br>CORRECTIONAL MEDICAL CARE, INC.<br>818 Hidden Forrest Drive<br>Collegeville, PA 19426<br><br>        Defendants. | CIVIL ACTION<br><br><br><br>No. 02-2642 |

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff Prison Health Services, Inc. ("PHS") hereby moves this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for an Order granting it leave to amend the complaint. The proposed First Amended Complaint, attached hereto with exhibits, amends and adds claims and an additional defendant, Maria Umar, to conform with the evidence revealed during preliminary discovery and the preliminary injunction hearing in this matter. In addition, the proposed First Amended Complaint includes additional claims against defendant Emre Umar that arise from the Asset Purchase Agreement at issue in the original complaint, and seeks a jury trial as to those latter claims. Due to the press of time required to obtain a preliminary objection to enforce

the restrictive covenants, plaintiff did not include these claims in the original complaint, but they arise from the same agreement and circumstances and would be most efficiently resolved by inclusion in this action. Furthermore, there would be no prejudice to defendants in allowing this amendment as discovery continues in this matter and the statute of limitations has not run on any claim. Moreover, the proposed additional defendant, Maria Umar, has been involved and represented in the litigation since its initiation, as the owner and founder of defendant Correctional Medical Care, Inc.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). To prohibit the proposed amendment would violate the letter and the spirit of this rule, would not serve any useful purpose, and would lead to wasteful, multiple actions relating to the same parties and events.

For all of these reasons, as set forth more fully in the accompanying memorandum of law, incorporated herein by reference, plaintiff respectfully requests that its motion to amend the complaint be granted.

Respectfully submitted,

_____
Carol A. Mager (I.D. #17548)
Michael D. Homans  (I.D. #76624)
Lee Albert  (I.D. # 46852)
MAGER WHITE & GOLDSTEIN, LLP
One Liberty Place
1650 Market Street, 21st Floor
Philadelphia, PA 19103
(215)569-6924

Dated: November 7, 2002

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRISON HEALTH SERVICES, INC.**<br>105 Westpark Drive<br>Suite 200<br>Brentwood, Tennessee 37027 | : :<br>:<br>:<br>:<br>: | |
| Plaintiff, | : : | CIVIL ACTION |
| V. | : : | |
| **EMRE UMAR**<br>818 Hidden Forrest Drive<br>Collegeville, PA 19426 | : :<br>:<br>:<br>: | |
| AND | : : | |
| **CORRECTIONAL MEDICAL CARE, INC.**<br>818 Hidden Forrest Drive<br>Collegeville, PA 19426 | : :<br>:<br>:<br>: | No. 02-2642 |
| Defendants. | : : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO AMEND**

I.   INTRODUCTION

Plaintiff Prison Health Services, Inc. ("PHS") seeks to amend the complaint for the first time to (1) add and amend claims to conform with evidence revealed during preliminary discovery and the preliminary injunction hearing; (2) to add an additional defendant, Maria Umar, to conform with evidence revealed as to her role in the events at issue; and (3) to add new contract and indemnification claims against the first defendant Emre Umar, that arise out of the same Asset Purchase Agreement and circumstances at issue in the original complaint, which would be most efficiently

resolved by inclusion in this action.  (See proposed First Amended Complaint and exhibits, attached hereto.)  The First Amended Complaint demands a jury trial as to these two new counts against defendant Mr. Umar.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed its original complaint for breach of contract against defendant Emre Umar and intentional interference with contract against defendant Correctional Medical Care, Inc., on May 2, 2002.  Plaintiff also filed for a preliminary injunction that day.

Plaintiff filed for a temporary restraining order on May 5, 2002, and said TRO was granted on May 8, 2002.

After expedited discovery and a hearing on plaintiff's motion for a preliminary injunction, the Court issued a Memorandum and Order on July 2, 2002, granting a preliminary injunction.

No discovery schedule has been set in this matter and no pretrial order relating to amendment has been entered.

## III.   ANALYSIS AND ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been served,  "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."   Fed. R. Civ. P. 15(a).  Although leave to amend is not automatic, a district judge should freely grant it, absent a substantial reason to deny.  Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that courts should heed mandate of

Rule 15(a) that leave be freely given when justice requires); <u>Shane v. Fauver</u>, 213 F.3d 113, 115-117 (3d Cir. 2000) (leave must be given freely).

In this instance, leave to amend the complaint should be given because plaintiff seeks to conform the complaint with the evidence revealed in preliminary discovery, and to efficiently join claims against the original defendant, Emre Umar, that arise from the same agreement and circumstances, but were not included in the original complaint due to the need to file a preliminary injunctive action as soon as possible. Plaintiff seeks the right to a jury trial as to these latter claims, Counts III and IV, which relate to defendant Emre Umar's breach of provisions of the Asset Purchase Agreement separate and apart from the non-competition agreement at issue in the original complaint.

There would be no prejudice to defendants in allowing this amendment as discovery continues in this matter and the statute of limitations has not run on any claim. The proposed third defendant, Maria Umar, was represented and involved as a witness in this case since its inception, because she founded and owns defendant Correctional Medical Care, Inc. Moreover, to prohibit such an amendment would not serve any useful purpose, but would cause harm and waste to all parties and the courts by requiring multiple, parallel actions in order for plaintiff to obtain full relief.

**IV.    CONCLUSION**

For all of these reasons, plaintiff respectfully requests that its motion to amend the complaint be granted.

                                                    Respectfully submitted,

                                                    _____
                                                    Carol A. Mager (I.D. #17548)
                                                    Michael D. Homans  (I.D. #76624)
                                                    Lee Albert  (I.D. # 46852)
                                                    MAGER WHITE & GOLDSTEIN, LLP
                                                    One Liberty Place
                                                    1650 Market Street, 21st  Floor
                                                    Philadelphia, PA 19103
                                                    (215)569-6924

Dated: November 7, 2002

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Motion to Amend the Complaint, memorandum of law in support thereof and proposed order to be served by overnight mail upon the following:

>Larry H. Spector, Esquire
>Michael D. LiPuma, Esquire
>**Wolf, Block, Schorr and Solis-Cohen, LLP**
>1650 Arch Street
>Philadelphia, PA 19103-2097
>
>Francis X. Clark, Esquire
>**Francis X. Clark, P.C.**
>987 Old Eagle School Road
>The Woods, Suite 705
>Wayne, PA 19087

Dated:  November 7, 2002           _____
                                                             Michael D. Homans