IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRISON HEALTH SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 02-2642 |
| EMRE UMAR and | : | |
| CORRECTIONAL MEDICAL CARE, INC. | : | |
| | : | |
| Defendant | : | |

**O R D E R**

AND NOW, this        day of                    , 2002, upon consideration of the Motion of Plaintiff for Leave to File an Amended Complaint and the response of Defendants thereto, it is hereby ORDERED and DECREED that said Motion be and hereby is DENIED as both untimely and as unduly prejudicial to Defendants, Emre Umar and Correctional Medical Care, Inc.

BY THE COURT:

_____
R. Barclay Surrick, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PRISON HEALTH SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 02-2642 |
| EMRE UMAR and | : | |
| CORRECTIONAL MEDICAL CARE, INC. | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW OF DEFENDANT, EMRE UMAR,
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

**I.   STATEMENT OF FACTS**

Plaintiff, Prison Health Services, Inc. ("PHS"), commenced this action against Defendants, Emre Umar ("Umar") and Correctional Medical Care, Inc. ("CMC") on May 2, 2002, by filing a Complaint seeking preliminary and permanent injunctive relief against those Defendants.

After this Court entered a Temporary Restraining Order, extensive, expedited discovery was conducted and a full hearing on the Plaintiff's Request for a Preliminary Injunction against both Defendants was heard on May 22 and 23, 2002. Thereafter, this Court entered a 49 page opinion which granted the Plaintiff's request for injunctive relief

against Defendant, Emre Umar, and requiring his complete disassociation from Defendant CMC as a condition to CMC's ability to operate its business of providing health care services to correctional facilities.

On November 8, 2002, over six months after Plaintiff filed its original Complaint, Plaintiff has now filed a Motion for Leave to Amend its Complaint to assert claims for damages against Emre Umar totaling $4,683,881.00 for breach of the restrictive covenant he signed at the time of PHS' purchase of the assets of Correctional Physician Services, Inc. ("CPS"), as well as alleged breaches of the CPS Asset Transfer Agreement.  Despite PHS' empty assertions that the Amended Complaint is based upon facts disclosed during discovery and the hearing on its demand for a preliminary injunction, no new facts are raised in the Plaintiff's Amended Complaint concerning Umar or his alleged actions on behalf of CMC, other than allegations of Umar's personal liability for breach of the Asset Transfer Agreement which occurred shortly after that Agreement was entered into as of March 29, 2000.  Furthermore, no explanation is given for the delay in filing its request to amend its Complaint, other than the supposed "rush" it was in when it brought its original Complaint for an injunction in this case.

PHS' present request to amend its Complaint is a transparent attempt to revise its legal theories and claims for relief into enormous claims for monetary damages is a result of its unsuccessful effort to completely enjoin CMC from competing with PHS to provide health care to Montgomery County and other correctional facilities.  Extensive discovery

3

was already taken and completed on the Plaintiff's demand for injunctive relief before the hearings on that demand were held before this Court on May 22 and 23, 2002. Having failed to achieve its desired purpose of eliminating CMC from competition for the Montgomery County contract and other such correctional facilities, PHS should not be permitted to transform its case into an effort to punish the Defendants financially and to make it impossible for CMC to perform the contract on which the Court has already ruled that it was authorized to bid and perform.

## II.   LEGAL ARGUMENT

PHS' original Complaint in this case originally sought only injunctive relief against future violations of Emre Umar's restrictive covenant and to compel CMC to withdraw its bid for the Montgomery County project and to prohibit it from providing health care services to any customers of PHS. No claim for damages was asserted against Emre Umar personally and no claim was made against Emre Umar for any other alleged violations of the terms and conditions of the Asset Transfer Agreement entered into between CPS and PHS as of March 29, 2000.

PHS' efforts to eliminate CMC were unsuccessful insofar as CMC was granted the right to bid and perform the Montgomery County project and indeed any other prison health care services contract, upon its disassociation with Emre Umar and the lack of future interference with PHS' restrictive covenant with Emre Umar.

Six months later, without any other activity in this case, PHS now seeks to convert its Complaint in Equity into an action at law seeking entry of judgment for monetary damages against CMC and Emre Umar's wife, Maria Umar, for $1,559,115.00 and against Emre Umar for that amount of "lost profits" and an additional $3,124,766.00 for "damages" based upon non-payment of CPS' expenses which took place long before Plaintiff filed its Complaint against Umar and CMC in this case.

As noted by PHS in its Brief, Rule 15 of the F.R.Civ.P. directs that "leave shall be freely given when justice so requires" on a Plaintiff's request to amend its Complaint. There are, however, limitations on the liberal granting of amendments which are untimely or prejudicial to a Defendant. In Foman v. Davis, 371 U.S. 178 (1962), the United States Supreme Court enumerated factors which could justify the denial of leave to amend as including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, (and) futility of amendment." 371 U.S. at 182.

It has been held, by the Third Circuit Court of Appeals, that the passage of time alone, without more, does not require that a Motion to Amend the Complaint be denied; however, when that delay will become "undue" when it places an unfair or unnecessary burden on the Court or the parties. J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d. 610, 614 (3d. Cir. 1987). Two factors to be considered in determining whether delay is "undue" is whether the claims and facts asserted in the Amended Complaint were known

to the Plaintiff at the time the original Complaint was filed and whether the Plaintiff has given any reasonable explanation for the delay in attempting to raise those allegations. McCarthy v. Komori America Corp., 200 F.R.D. 507, 508 (E.D. Pa. 2001). The lack of a reasonable explanation for delay in asserting facts which were known to the Plaintiff when the original Complaint had been brought tends to demonstrate a dilatory motive on the Plaintiff's part for which leave should be denied. Merican, Inc. v. Caterpillar Tractor Co., 596 F. Supp. 697, 705 (E.D. Pa. 1984). Furthermore, this Court has found that:

> . . . if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation the Court may deem it prejudicial.

Ross v. Jolly, 151 F.R.D. 562, 565 (E.D. Pa. 1993). All of the foregoing factors weigh, therefore, against granting the Plaintiff's present Motion for Leave to Amend.

## III.   CONCLUSION

There are no facts alleged in the Plaintiff's Complaint which were not known to it before it filed its original action against Emre Umar and CMC. Plaintiff has sought to change the legal theory on which it seeks relief from the Defendants in this case because its efforts invested in the previous demand for an injunction did not eliminate CMC as a competitor. Defendants would be unduly prejudiced if this action was suddenly

converted into a claim for damages based upon events and transactions which have little or nothing to do with the claims which Plaintiff originally made in the suit commenced against Emre Umar. Defendants, Emre Umar, therefore respectfully request that the Plaintiff's Motion for Leave to Amend be denied.

                                    Respectfully Submitted,

                                    FRANCIS X. CLARK, P.C.

DATE:

                                    BY:_____
                                        Francis X. Clark

                                    Attorney for Defendant,
                                    Emre Umar

**CERTIFICATE OF SERVICE**

I, Francis X. Clark, hereby certify that I have served a true and correct copy of the foregoing upon counsel of record this date electronically as follows:

>Carol A. Mager, Esquire
>Michael D. Homans, Esquire
>MAGER WHITE & GOLDSTEIN, LLP
>One Liberty Place, 44th Floor
>1650 Market Street
>Philadelphia, PA 19103

and by first-class mail, postage prepaid, addressed as follows:

>Larry H. Spector, Esquire
>Michael D. LiPuma, Esquire
>WOLF, BLOCK, SCHORR & SOLIS-COHEN
>1650 Arch Street, 22nd Floor
>Philadelphia, PA 19103

DATE: _____

Francis X. Clark